ROBERT MARROW v. THE STATE.

*No. 1104.   Decided March 24th, 1897.*

1. **Complaint—Jurisdiction.**

Where the complaint was first filed in a justice's court, and afterwards taken and filed in the County Court and an information filed upon it in the latter court, the County Court had jurisdiction of the case.

2. **Continuance—Diligence.**

Where the information was filed in September, 1895, and the trial was in March, 1896, the application for continuance, which stated that a subpœna was issued for the absent witness in May, 1895, several months before the information was filed, and that an attachment was sent to G. County on the 25th of January, 1896, which was returned not served, fails to show sufficient diligence.

3. **Simple Assault and Battery—What Constitutes.**

Where the evidence showed, that the defendant knocked the prosecutor down with a milk bucket, and that while he was down and being held by defendant's brother, and was completely in their power, defendant, who was in no danger, kicked him, Held: This constituted an assault and battery.

APPEAL from the County Court of Erath.   Tried below before Hon. THOMAS B. KING, County Judge.

Appeal from a conviction for simple assault and battery; penalty, a fine of $5.

No statement necessary.

*W. W. Moores*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was charged with making an aggravated assault upon D. McMillan.   The ground of aggravation alleged was that appellant was a person of robust health and strength, and that McMillan was then and there an aged and decrepit person. The case was tried, resulting in a conviction for simple assault and battery, and his punishment assessed at a fine of $5, and this appeal is prosecuted.   It appears from the record that the complaint was filed before a justice of the peace, and afterwards taken and filed in the County Court; and upon this complaint information was filed by the County Attorney.   Counsel for appellant insists that the County Court had no jurisdiction.   We are of opinion that this objection was not well taken.   It appears appellant moved a continuance for the want of the testimony of Arthur J. Christmas.   The information was filed in the County Court on September 6, 1895.   The trial of this case occurred at the March term, 1896.   We are not informed by the motion to continue as to whether this is the first or second application.   If it be other than the first application, there was no error in overruling the same, because the statement of facts shows that the facts expected to be proved by the absent witness were testified to by other witnesses on the

stand. Again, the diligence is not sufficient. The application states that the subpœna for the absent witness was issued in May, 1895—several months before the information was filed. On the 25th day of January, 1896, an attachment was sent to Grayson County, which was returned not served. This is not sufficient diligence. If the diligence had been sufficient, the statement in regard to the testimony of the absent witness is not specific enough. It is not alleged by appellant that he expected to prove by the witness that he "did not kick, or kick at, the prosecutor after he was down; and that David Marrow, brother of the appellant, had hold of the prosecutor." Concede that he had a right to strike him under the circumstances and knock him down, to prevent him shooting him, as he supposed he was doing, after the prosecutor was down, and he and his brother had hold of him, there was no danger of violence from the prosecutor. These remarks apply with equal force to the testimony of David Marrow. David Marrow had been indicted for the same offense. He was tried and acquitted, and motion was made for a new trial, in order to obtain his testimony. His affidavit is to the effect that when McMillan returned, with his hand in his breast, in a threatening manner, cursing and abusing appellant, that appellant struck him with a milk bucket, knocked him down, and held him to the ground, and that he went up and took hold of him, etc. Now he swears that appellant did not kick McMillan, but he does not swear that he did not kick at him after he was completely within their power. The prosecutor swears that he kicked him. No witness swears that he did not kick him, or kick at him. This kick, or attempt to kick him, was entirely unnecessary, and was an assault. We are of opinion that the jury took this view of the case, and convicted him for this assault and battery, when he was in no danger from the prosecutor in any manner, shape, or form. There was no error in refusing a new trial, and the judgment is affirmed.

*Affirmed.*